**FILED**

**JAN 28 2010**

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 98-158(RCL) |
| ) | |
| ANTOINE WILSON, ) | |
| Defendant. ) | |

## MEMORANDUM

Defendant Antoine Wilson's petition for leave to file a motion [46] under 28 U.S.C. § 2255 and the United States' motion [49] to dismiss petitioner's motion as time-barred are before this Court. After reviewing the petitioner's motion [46], the United States' motion [49], the petitioner's motion for abeyance and opposition to the motion to dismiss [51], the entire record therein, and applicable law, the Court will GRANT the United States' motion [49] to dismiss. Accordingly, petitioner's § 2255 motion [46] will be DENIED.

### I. BACKGROUND

The petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, which involved conduct that occurred between January 30, 1998 and April 23, 1998. Pet's Mot. at 1; Govt's Opp'n at 2. Petitioner admitted he was accountable for more than 150 grams, but not more than 500 grams of cocaine base. *Id.* At sentencing, the Court determined that defendant's offense level was 35 and his criminal history category was III, producing a

Sentencing Guidelines range of 210 to 262 months imprisonment. The Court imposed the minimum term of 210 months imprisonment. Govt's Opp'n at 4. On appeal, the defendant argued that the Court erred when it imposed an enhancement for his possession of a firearm. Id. On March 1, 2000, the Court of Appeals affirmed the defendant's sentence and on November 21, 2005, defendant filed the instant Section 2255 motion, in which he argues the Court should reduce his sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005).

## II. ANALYIS

### A. LEGAL STANDARD

Section 2255 permits a prisoner serving a federal sentence to move the court to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001). Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. *Id.*; *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979). Relief under § 2255 is an "extraordinary remedy" and is generally only granted "if the challenged sentence resulted from a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Thompson*, 587 F.Supp. 2d 121 (D.D.C. 2008) (citing *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992)) (citations omitted). The defendant carries the burden of sustaining his contentions by a preponderance of evidence. *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973).

## B. DEFENDANT'S MOTION IS TIME-BARRED

Effective April 24, 1996, Congress enacted a one-year statute of limitation on the filing of § 2255 motions in the Antiterrorism and Effective Death Penalty Act (AEDPA). *United States v. Cicero*, 214 F.3d 199 (D.C. Cir. 2000). The one-year limitation period runs from the latest of:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the petitioner's conviction became final no later than June 1, 2000, ninety days after the Court of Appeals rendered a decision in this case. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (stating that a conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Thus, the petitioner had one year, until June 1, 2001, to file a § 2255 motion under § 2255(f)(1). Petitioner filed his § 2255 motion on November 21, 2005, therefore exceeding the statute of limitations set by the AEDPA.

Petitioner argues that § 2255(f)(3) applies and that his motion is timely because it was made within one year of the Supreme Court's decision in *United States v. Booker*, 543

U.S. 220 (2005). Further, he asserts that his sentence was imposed in violation of a right recognized in that decision and asks the court to apply *Booker* retroactively.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the U.S. Supreme Court held that the Sixth Amendment prohibits judges from enhancing criminal sentences based on facts that are not decided by a jury or admitted by the defendant. However, this Circuit has held that *United States v. Booker*, 543 U.S. 220 (2005), which applied the *Blakely* rule to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review. *See United States v. Branham*, 515 F.3d 1268, 1278 (D.C. Cir. 2008) (citing *In re Fashina*, 486 F.3d 1300, 1306 (D.C. Cir. 2007)); *In re Zambrano*, 433 F.3d 886, 888 (D.C. Cir. 2006). Similarly, other Circuits have held the same. *See, e.g., Cirilo-Munoz v. United States*, 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 141 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 613-16 (3d Cir. 2005); *United States v. Linder*, 552 F.3d 391, 396-97 (4th Cir. 2009); *United States v. Gentry*, 432 F.3d 600, 602-05 (5th Cir.2005); *Duncan v. United States*, 552 F.3d 442 (6th Cir. 2009); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005); *United States v. Hollis*, 552 F.3d 1191, 1195 (10th Cir. 2009); *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005).

Accordingly, since Booker does not apply retroactively to cases on collateral review, petitioner's motion does not fall within the third prong of § 2255(f). It falls instead within the first prong, which states that a § 2255 motion must be filed within one-year of the date that the conviction becomes final. Since petitioner's motion was not filed within that one-year period, petitioner's motion is time-barred.

Similarly, petitioner's motion [50] for abeyance pending the Supreme Court's decision in *Burton v. Waddington* is of no avail to him. In *Burton*, the U.S. Supreme Court declined to answer whether *Blakely v. Washington* announced a new rule that applies retroactively on collateral review. Rather, the Court remanded with instructions to direct the District Court to dismiss petitioner's habeas corpus application for lack of jurisdiction. *Burton v. Stewart*, 549 U.S. 147, 149 (2007).

### III.   CONCLUSION

For the reasons set forth in this opinion, the Court finds that petitioner's Wilson's motion is time-barred. Accordingly, the United States' motion [49] to dismiss his motion will be GRANTED. Petitioner's motion [46] will be DENIED. His motion [50] for abeyance is DENIED.

A separate order shall issue this date.

/s/ Royce C. Lamberth  1/28/10
ROYCE C. LAMBERTH
Chief Judge
United States District Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| v. | ) ) | Criminal Action No. 98-158(RCL) |
| ANTOINE WILSON, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

It is ordered that Antoine Wilson's motion filed under 28 U.S.C. § 2255 be DENIED as time-barred. Accordingly, the United States' motion [49] to dismiss his motion will be GRANTED. Petitioner's motion [46] will be DENIED. His motion [50] for abeyance is DENIED.

SO ORDERED this 28th day of January 2010.

_____
ROYCE C. LAMBERTH
Chief Judge
United States District Court