**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAN 2 8 2010

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Criminal Action No. 98-158-01(RCL) |
| v. | ) | |
| | ) | |
| ANTOINE WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM

### I.  INTRODUCTION

Defendant Antoine Wilson's motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence

based on amendments to the United States Sentencing Guidelines is before this Court. Upon

consideration of the motion, the Government's response to the motion, the defendant's reply,

applicable law, and the entire record herein, the motion will be GRANTED.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled guilty on October 6, 1998, to one count of conspiracy to distribute and

possess with intent to distribute cocaine base, also known as crack cocaine, in violation of 21

U.S.C. § 846. The Court sentenced defendant on February 5, 1999 to a term of 210-months

imprisonment, to be followed by five years of supervised release. The Court found that, pursuant

to the United States Sentencing Guidelines, the applicable sentencing range was 210 to 262

months, given an offense level of 35 with a criminal history category of III.

Effective November 1, 2007, the United States Sentencing Commission amended the

Guidelines to provide for a two level reduction in the base offense level for crack cocaine

offenses. U.S.S.G. App. C, Amend. 706 (Supp. 2007). Later, Amendment 713 made the

reduction retroactively applicable. U.S.S.G. App. C, Amend. 713 (Supp. 2008). On September 23, 2008, the defendant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 and the amendments to the Guidelines. Defendant asks this Court to reduce his sentence pursuant to the factors set forth in U.S.C. § 3553(a). For the reasons that follow, defendant's motion will be granted.

## III.   ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not ordinarily modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]in the case of a defendant who has been sentenced to a term of imprisonment
> based on a sentencing range that has subsequently been lowered by the Sentencing
> Commission . . . the court may reduce the term of imprisonment, after considering
> the factors set forth in section 3553(a) to the extent that they are applicable, if
> such a reduction is consistent with applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides for such a reduction and both parties agree that Amendment 706 applies in this case. However, the Court's power to reduce sentence is discretionary. In evaluating a §3582(c)(2) motion the district court must determine "the amended guidelines range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . ." U.S.S.G. § 1B.10(b). Additionally, the court must consider the factors listed in § 3553(a).

In determining a sentence that is "sufficient, but not greater than necessary" to fulfill

these penological objectives, a court must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the penological purposes stated above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any applicable Guidelines policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Further, U.S.S.G. § 1B1.10 comment., n.1(B)(ii) directs the district court, when considering a sentence reduction as a result of an amended guideline, to "consider the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment." Additionally, the district court is allowed to consider post-sentencing conduct when determining whether-and to what extent-a reduction is warranted. U.S.S.G. § 1B1.10 comment., n.1(B)(ii). All original sentencing determinations are to remain unchanged with only the amended guideline range substituted for the unamended guideline range used at sentencing. *See* U.S.S.G. § 1B1.10, comment. n.2.

The government argues against any reduction in Wilson's sentence based on public safety grounds. Specifically, the government emphasizes the defendant's post-sentencing disciplinary infractions, including assaults on other inmates, possession of drugs, improper sexual advances and setting a fire. The defendant highlights that he has already been punished for his disciplinary infractions, that they occurred four to ten years ago, and his young age at the time of the offense.

While the Court recognizes the defendant's misconduct at the federal institution at which

he is serving his sentence, the Court also notes the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Reducing the defendant's sentence furthers the policy objectives to be achieved through federal sentencing, namely to "promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Further, the sentencing scheme directs the court to consider the characteristics of the defendant and the penological purpose of imposing a sentence that is sufficient but no greater than necessary to achieve sentencing objectives. Therefore, the Court agrees with the defendant that a reduction in his sentence serves each of these policies.

Nevertheless, the Court does not agree with the defendant that the Court is not limited by the amended guidelines range. The defendant contends that this Court should conduct a full resentencing and reexamine the entire sentence in accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which made the Sentencing Guidelines advisory. However, nothing in *Booker* expands the scope of sentencing reductions under § 3582(c)(2). As the Tenth Circuit noted in *United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008), "there are clear and significant differences between original sentencing proceedings and sentence modification proceedings." Specifically, *Booker* "applies to full sentencing hearings – whether in an initial sentencing or in a resentencing where the original sentence is vacated for error, but not to sentence modification proceedings under § 3582(c)(2)." *United States v. Doe*, 564 F.3d 305, 313 (3rd Cir. 2009) (*citing United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009)).

The U.S. Supreme Court in *Booker* stated that any "fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond

a reasonable doubt." *Booker*, 543 U.S. at 231. In contrast, § 3582(c)(2) proceedings do not

involve sentence increases at all. Additionally, reductions under § 3582(c)(2) are not, and have

never been, mandatory. Section 3582(c)(2) gives the district court discretion to reduce a sentence.

*See Dunphy*, 551 F.3d at 252 ("Even before *Booker*, the guidelines were not mandatory in §

3582(c) proceedings. Courts are not *required* to reduce a sentence.") (emphasis in original).

The defendant relies heavily on the Ninth Circuit decision, *United States v. Hicks*, 472

F.3d 1167 (9th Cir. 2007), which held that *Booker* abolished the mandatory application of the

Sentencing Guidelines in all contexts.  However, every other Circuit to have heard the issue has

rejected the reasoning in *Hicks*. *See United States v. Fanfan*, 558 F.3d 105 (1st Cir. 2009)

(holding that *Booker* does not apply); *United States v. Savoy*, 567 F.3d 71 (2nd Cir. 2009)

(same); *United States v. Wise*, 515 F.3d 207 (3rd Cir. 2008) (same); *United States v. Dunphy*, 551

F.3d 247 (4th Cir. 2009) (same); *United States v. Doublin*, 572 F.3d 235 (5th Cir. 2009) (same);

*United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009) (same);  *United States v. Starks*, 551

F.3d 839, 841-42 (8th Cir. 2009) (same); *United States v. Rhodes*, 549 F.3d 833, 839-40 (10th

Cir. 2008) (same); *United States v. Melvin*, 556 F.3d 1190 (11th Cir. 2009) (same). While Judges

of this Court have addressed the issue and agreed with the Ninth Circuit's analysis in *Hicks, see*

*United States v. Ragland*, 568 F. Supp.2d 19 (D.D.C. 2008) (Friedman, J.); *United States v. Reid*,

584 F.Supp.2d 187 (D.D.C. 2008) (Kessler, J.); *United States v. Hicks*, Cr. No. 00-0240, Slip Op.

(D.D.C. July 29, 2008) (Robertson, J.), they are in the minority.  This Court is persuaded by the

reasoning of the government and the overwhelming majority of Circuit Courts that have

considered the issue and holds that district courts lack the authority when reducing a sentence

pursuant to § 3582(c)(2) to reduce a sentence below the amended guidelines range when the

original sentence fell within the applicable pre-amendment guidelines range.

The applicable amended sentencing range, taking into account the two-point reduction in his offense level, is 168-210 months, given defendant's criminal history category of III and offense level of 35. At his sentencing in 1999, the Court sentenced Wilson at the lowest end of the guideline range and this Court finds that a reasonable determination. Therefore, defendant's motion to reduce his sentence pursuant to § 3582 will be granted and defendant will be sentenced to a term of 168 months incarceration.

## IV.    CONCLUSION

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary," to comply with the factors it spells out.  The Court concludes that a reduction to 168 months incarceration is sufficient to reflect the seriousness of the offense and provides just punishment. Accordingly, the defendant's motion to reduce sentence will be granted and the defendant's previously imposed sentence of imprisonment of 210 months is reduced 168 months.

A separate order shall issue this date.


_____          _____
Chief Judge Royce C. Lamberth                        Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | Criminal Action No. 98-158-01(RCL) |
| v. | ) | |
| | ) | |
| ANTOINE WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Defendant's motion to reduce sentence by retroactive application of the sentencing guidelines to crack cocaine offense is GRANTED and defendant's sentence is reduced from a term of 210-months incarceration to a term of 168-months of incarceration. All other provisions of the original judgment and commitment order are unchanged.

SO ORDERED.

_____
Chief Judge Royce C. Lamberth

1/28/10
Date

1