UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) ) v. ) ) ANTOINE WILSON ) Defendant. ) ) | Crim. No. 98-158-1 (RCL) |

## MEMORANDUM

On April 1, 2010, the Court of Appeals for the D.C. Circuit directed this Court to determine whether to issue a certificate of appealability in this case [69].

Upon consideration of petitioner's Request for a Certificate of Appealability [66], applicable law, and the entire record herein, petitioner's request will be DENIED for the reasons set forth below.

### I. INTRODUCTION

Petitioner filed a motion under 28 U.S.C. § 2255 [46], which the Court dismissed in its order dated January 28, 2010 [60]. Petitioner then filed a Notice of Appeal and Request for Certificate of Appealability [66] with this Court on March 24, 2010. The D.C. Circuit ordered that petitioner's case "be held in abeyance pending the district court's resolution of appellant's motion for certificate of appealability" on April 1, 2010 [69].

### II. ANALYSIS

#### A. LEGAL STANDARD

Section 2253 provides in pertinent part:

> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> . . .
>
> > (B) the final order in a proceeding under section 2255.
> >
> > (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c)(2). Petitioner makes this "substantial showing" if he can "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### B. PETITIONER HAS NOT MADE A SUBSTANTIAL SHOWING OF THE DENIAL OF A CONSTITUTIONAL RIGHT

The Court concludes that petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner argues that reasonable jurists could differ as to the Court's decision that *United States v. Booker*, 543 U.S. 220 (2005), is not retroactively applicable to cases on collateral review.

As the Court previously explained [59], the D.C. Circuit has held that *Booker* is not retroactively applicable to cases on collateral review. *See United States v. Branham*, 515 F.3d 1268, 1278 (D.C. Cir. 2008). As the Court also explained [59], every other circuit to rule on the issue has held the same. Because virtually every circuit has ruled that *Booker* is not retroactively applicable to these cases, reasonable jurists would agree with the district court's assessment.

### III. CONCLUSION

For the reasons set forth in this opinion, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, petitioner's Request for a Certificate of Appealability [66] is DENIED.

A separate order shall issue this date.

*Royce C. Lamberth* 7/8/10
ROYCE C. LAMBERTH
Chief Judge
United States District Court